*992 OPINION.
Phillips :
In each of these cases the Commissioner has the burden of establishing that the petitioner is a transferee of the assets of the Wellbuilt Eealty Co., and liable under section 280 of the Eevenue Act of 1926 for the payment of the taxes of that company. The evidence reminds us of nothing so much as of an incomplete jig-saw puzzle. The principal witness for respondent was the petitioner, Nathan Eolnick. On some points his testimony is clear; on others it is contradictory; in some instances it is incomprehensible, and in many respects the details are incomplete.
The record, however, is sufficient to establish that Eolnick was a transferee of the assets of the corporation to the extent of $6,000. It appears that one Glass, who owned $6,000 of the capital stock, had loaned some $28,000 or $29,000 to the corporation, repayment of which he required. Eolnick caused the corporation to borrow $35,000 from a bank upon its note and used the proceeds to pay this indebtedness and, in addition, to purchase for himself the stock which Glass held. At this point it is clear that Eolnick had used $6,000 of the corporation’s funds in acquiring this stock for his own account.
It is our opinion that the record is insufficient to establish any greater liability on his part as a transferee.
The Commissioner also sought to establish the liability of Mrs. Eolnick as a transferee of assets of the corporation. The evidence does not show that she ever received any part of the assets of the corporation for her own benefit. In taking title she acted merely as a trustee. The respondent cites cases which establish that in such cases the liability follows the trust property, but these cases are not in point to establish an individual liability against the trustee.
The petitioners alleged that the assessment and collection of the taxes in question were barred by the statute of limitations, but there is no merit in this. It is also alleged that the amounts of tax were incorrectly computed; that there were no taxes due from the corporation. No proof, of the income or deductions for any of the years has been offered. Since the burden was on petitioner to establish the incorrectness of the deficiency in taxes and this has not been done or attempted, we must accept the amount as correct.

In Docket No. 35325, decision will he entered for respondent for $6,000. In Docket No. 35386, decision will he entered for petitioner.